

2005 WL 3445530                                                                                       Page 1
--- F.3d ----, 2005 WL 3445530 (11th Cir.(Fla.))
**(Cite as: 2005 WL 3445530 (11th Cir.(Fla.)))**

Only the Westlaw citation is currently available.

United States Court of Appeals,
Eleventh Circuit.
David W. ELLIS, Jr., Plaintiff-Appellant,
v.
Gordon R. ENGLAND,
Defendant-Appellee.
**No. 05-10957
Non-Argument Calendar.**

Dec. 16, 2005.

**Background:** Disabled naval employee who lost his job as part of reduction in force brought cause of action to recover under the Rehabilitation Act when his resume was not submitted, under the government's priority placement program, for two electronics technician positions for which he was allegedly qualified within Department of Defense. The United States District Court for the Northern District of Florida, No. 02-00131-CV-3-LAC, Lacey A. Collier, J., granted summary judgment to the Secretary of the Navy, and employee appealed.

**Holdings:** The Court of Appeals held that:
(1) district court could review de novo a finding by the Equal Employment Opportunity Commission (EEOC) that employee had been discriminated against; and
(2) mere fact that resume of disabled naval employee who lost his job as part of reduction in force was not submitted for two electronics technician positions for which he was allegedly qualified within Department of Defense was insufficient to establish that employee was discriminated against solely on account of his disability, as required for federal government to be liable under the Rehabilitation Act.
Affirmed.

**[1] Federal Courts** ⛇776

170Bk776 Most Cited Cases
Court of Appeals reviews district court's legal conclusions de novo.

**[2] Civil Rights** ⛇1510
78k1510 Most Cited Cases
In cause of action by federal employee to enforce favorable ruling by the Equal Employment Opportunity Commission (EEOC) on his civil rights claims, Court of Appeals does not review merits of employee's claims de novo, unless relief that the EEOC ordered is beyond scope of its authority.

**[3] Civil Rights** ⛇1510
78k1510 Most Cited Cases
In cause of action by federal employee, not to enforce favorable ruling by the Equal Employment Opportunity Commission (EEOC) on his civil rights claims, but to obtain relief greater than that afforded by the EEOC's order, district court is not limited by deferential standard applicable in enforcement

Grant v Teets
3:04-cv-285-RRB        © 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.
EXHIBIT A

2005 WL 3445530                                                                                                                 Page 2
--- F.3d ----, 2005 WL 3445530 (11th Cir.(Fla.))
**(Cite as: 2005 WL 3445530 (11th Cir.(Fla.)))**

actions, but may conduct de novo review.

### [4] Civil Rights 1510
78k1510 Most Cited Cases

In cause of action brought by naval employee under substantive provisions of the Rehabilitation Act, district court could review de novo a finding by the Equal Employment Opportunity Commission (EEOC) that employee had been discriminated against, where the EEOC had not entered any compensatory damages award that employee sought to enforce, but merely directed the Navy to consider employee's compensatory damages claims, and employee sought relief greater than that afforded by the EEOC's order. Rehabilitation Act of 1973, § 2 et seq., 29 U.S.C.A. § 701 et seq.

### [5] Federal Courts 776
170Bk776 Most Cited Cases

### [5] Federal Courts 802
170Bk802 Most Cited Cases

Court of Appeals reviews de novo a district court's grant of motion for summary judgment, considering all of the evidence and inferences therefrom in light most favorable to nonmoving party.

### [6] Federal Civil Procedure 2470.1
170Ak2470.1 Most Cited Cases

For factual issues to be considered "genuine," for summary judgment purposes, they must have real basis in record.

### [7] Federal Civil Procedure 2546
170Ak2546 Most Cited Cases

Mere conclusions and unsupported factual allegations are legally insufficient to defeat summary judgment motion.

### [8] Federal Civil Procedure 2539
170Ak2539 Most Cited Cases

Statements in affidavits that are based, in part, on information and belief, cannot raise genuine issues of fact, and thus cannot defeat motion for summary judgment.

### [9] Civil Rights 1217
78k1217 Most Cited Cases

To establish a prima facie case of discrimination under the Rehabilitation Act, individual must show: (1) that he has disability; (2) that he is otherwise qualified for position; and (3) that he was subjected to unlawful discrimination as result of his disability. Rehabilitation Act of 1973, § 2 et seq., 29 U.S.C.A. § 701 et seq.

### [10] Civil Rights 1217
78k1217 Most Cited Cases

To show that he was subjected to unlawful discrimination "as result of his disability," as required to have claim for relief under the Rehabilitation Act, individual must show that he has suffered adverse employment action because of his disability. Rehabilitation Act of 1973, § 2 et seq., 29 U.S.C.A. § 701 et seq.

### [11] Civil Rights 1217
78k1217 Most Cited Cases

To have cause of action under the Rehabilitation Act, it is not enough for plaintiff to demonstrate that adverse

2005 WL 3445530                                                                 Page 3
--- F.3d ----, 2005 WL 3445530 (11th Cir.(Fla.))
**(Cite as: 2005 WL 3445530 (11th Cir.(Fla.)))**

employment action was based, in part, on his disability; rather, plaintiff must prove that he suffered an adverse employment action solely by reason of his handicap. Rehabilitation Act of 1973, § 504(a), 29 U.S.C.A. § 794(a).

**[12] Civil Rights ⚿1220**
78k1220 Most Cited Cases
Mere fact that resume of disabled naval employee who lost his job as part of reduction in force was not submitted for two electronics technician positions for which he was allegedly qualified within Department of Defense was insufficient to establish that employee was discriminated against solely on account of his disability, as required for federal government to be liable under the Rehabilitation Act, given federal government's evidence, which was opposed only by conclusory affidavit that naval employee submitted "upon information and belief," that employee was not even registered for one of these two positions and that other position was filled by individual who listed the same disability code as employee. Rehabilitation Act of 1973, § 2 et seq., 29 U.S.C.A. § 701 et seq.

**[13] Federal Civil Procedure ⚿2547.1**
170Ak2547.1 Most Cited Cases
Party moving for summary judgment was under no obligation to reply to opposing party's statement of undisputed material facts and did not, by failing to respond, admit such facts.

**[14] Civil Rights ⚿1510**
78k1510 Most Cited Cases

Navy's decision not to appeal decision by the Equal Employment Opportunity Commission (EEOC) that discrimination had occurred, and its failure to raise issue of adverse employment action before the EEOC, did not amount to admission of liability under the Rehabilitation Act, given that the EEOC's decision had no binding effect in district court proceedings. Rehabilitation Act of 1973, § 2 et seq., 29 U.S.C.A. § 701 et seq.

**[15] Civil Rights ⚿1540**
78k1540 Most Cited Cases
In cause of action brought by disabled naval employee under the Rehabilitation Act, naval employee, as plaintiff, bore initial burden of establishing prima
facie case. Rehabilitation Act of 1973, § 2 et seq., 29 U.S.C.A. § 701 et seq.

 James E. Goodman, Johnson & Ward, Atlanta, GA, for Ellis.

 E. Bryan Wilson, Tallahassee, FL, Pamela A. Moine, Pensacola, FL, for England.

 Appeal from the United States District Court for the Northern District of Florida.

 Before TJOFLAT, DUBINA and HULL, Circuit Judges.

 PER CURIAM:

 **\*1** David W. Ellis, Jr. appeals the district court's decision granting summary judgment to the Secretary of the Navy ("Navy"), his employer, whom he alleged discriminated against him on the basis of his physical

2005 WL 3445530                                                                                              Page 4
--- F.3d ----, 2005 WL 3445530 (11th Cir.(Fla.))
**(Cite as: 2005 WL 3445530 (11th Cir.(Fla.)))**

disability, paralysis in one leg, in violation of the Rehabilitation Act of 1973, as amended, 29 U.S.C. § 794(a). In particular, he alleged that the Navy unlawfully revealed his disability to prospective employers in the Priority Placement Program (PPP) [FN1], which had an adverse impact on him. He further alleged that the Equal Employment Opportunity Commission ("EEOC") found such discrimination and ordered the Navy to consider his compensatory damages claims, but because the Navy refused to award him compensatory damages, he brought this action, seeking a jury trial pursuant to 42 U.S.C. § 2000e-16(c).

On appeal, Ellis contends that, in light of the EEOC order finding discrimination by the Navy, the district court erred in conducting a *de novo* review on the issue of liability. He submits that the only issue before the district court was one of damages. Ellis further contends that, assuming the court properly conducted a *de novo* review on the question of liability, it erred in granting the Navy summary judgment because he presented evidence establishing a *prima facie* case of discrimination.

I.

[1] We review a district court's legal conclusions *de novo*. *Cotton v. Mass., Mut. Life Ins. Co.,* 402 F.3d 1267, 1277 (11th Cir.2005). In bringing suit under the Rehabilitation Act, a federal employee must first raise his disability discrimination claim administratively through an internal complaints process within the employing agency. *See* 29 C.F.R. § 1614.106; *see also Moore v. Devine,* 780 F.2d 1559, 1562 (11th Cir.1986). If dissatisfied with the agency's resolution, the employee may bring a claim to the EEOC, which will issue its own recommendation. *See* 29 C.F.R. § 1614.109; *see also Moore,* 780 F.2d at 1562. The agency then reviews the EEOC recommendation and issues another decision. *See* 29 C.F.R. § 1614.110. If this decision is not appealed to the EEOC, it concludes the administrative process. *See id.*

On conclusion of the administrative process, a federal employee who prevails may sue in a federal district court to enforce an administrative decision with which an agency has failed to comply. *See Moore,* 780 F.2d at 1563; *see also* 29 C.F.R. § 1614.503(g). Alternatively, a federal employee unhappy with the administrative decision may bring a claim in the federal district court and obtain the same *de novo* review that a private sector employee receives in a Title VII action pursuant to 42 U.S.C. § 2000e-16(c). *See Chandler v. Roudebush,* 425 U.S. 840, 863, 96 S.Ct. 1949, 1960-61, 48 L.Ed.2d 416 (1976).

[2][3] In *Moore,* we addressed the former situation and held that, where an employee *seeks enforcement* of a favorable EEOC ruling, we do not review the merits of the employee's claims *de novo* unless the relief the EEOC ordered is beyond its authority. *See Moore,* 780 F.2d at 1563-64. In contrast, in *Dereyna,* an unpublished opinion involving the same EEOC order at issue in this case, we held that *de novo* review by the district court

2005 WL 3445530                                                                                                                    Page 5
--- F.3d ----, 2005 WL 3445530 (11th Cir.(Fla.))
**(Cite as: 2005 WL 3445530 (11th Cir.(Fla.)))**

was appropriate because the plaintiffs in that case did not seek enforcement of the order, but rather "sought relief greater than that afforded in the EEOC's order ..." Dereyna v. England, 104 Fed.Appx. 152 (11th Cir.2004). [FN2] In particular, we noted that the EEOC only ordered the defendant to *consider* plaintiffs' compensatory damages claims, and did not order the defendant to award plaintiffs compensatory damages. Id. at 2-3. Thus, we rejected plaintiffs' suggestion that "the only work left in this case is to quantify damages." Id. at 2. Nonetheless, we have not addressed or affirmed Dereyna's holding in a published opinion, although we have held, in an unrelated context, that a party cannot seek to enforce an EEOC decision unless it is final and has reached the merits of the case. See Hines v. Widnall, 334 F.3d 1253, 1259 (11th Cir.2003) (holding that district court was not bound to enforce EEOC class certification because EEOC had not reached a final determination on the merits).

**\*2** In contrast, other circuits have addressed this issue in published opinions. They appear to split on the issue. In cases decided over ten years ago, both the Fourth and Ninth Circuits allowed limited review in *de novo* actions under 42 U.S.C. § 2000e-16(c). See Morris v. Rice, 985 F.2d 143, 145 (4th Cir.1993); Pecker v. Heckler, 801 F.2d 709, 711 n. 3 (4th Cir.1986); Girard v. Rubin, 62 F.3d 1244, 1247 (9th Cir.1995). Those cases allowed plaintiffs to seek *de novo* review of a favorable EEOC decision in the district court only on the issue of damages, and not on liability. See Rice, 985 F.2d at 145; Pecker, 801 F.2d at 711 n. 3; Girard, 62 F.3d at 1247.

On the other hand, more recent cases decided by the Third, Tenth, and D.C. Circuits have held that a district court must consider a federal employee's claims of discrimination *de novo,* and is not bound by the results of the administrative process. **Morris v. Rumsfeld, 420 F.3d 287, 294 (3rd Cir**.2005); *see also* Scott v. Johanns, 409 F.3d 466, 472 (D.C.Cir.2005) (holding that federal employee in Title VII action could not seek *de novo* judicial review only on the issue of remedy, and not liability); Timmons v. White, 314 F.3d 1229, 1234 (10th Cir.2003) (same).

For instance, in Morris, the Third Circuit discredited the Fourth Circuit's decisions in Pecker and Morris because those decisions relied on our decision in Moore, which involved a suit to enforce an EEOC decision, not a suit seeking *de novo* review of the EEOC's decision. See **Morris, 420 F.3d at 293 n. 11**; *see also* Scott, 409 F.3d at 470-71 (holding that the court in Pecker and Rice failed to consider Title VII's plain language and relied on inapposite cases involving enforcement actions); Timmons, 314 F.3d at 1236 (same). Moreover, the Third Circuit stated that "**Girard offers no analysis, and appears to be in some tension with other Ninth Circuit precedent**." **Morris, 420 F.3d at 293 n. 11**; *see also* Scott, 409 F.3d at 471 (holding that Girard suffers from the same defects as Pecker and Rice).

**\*3** While some circuits, particularly the Fourth and the Ninth, have read our decision

2005 WL 3445530                                                                                                         Page 6
--- F.3d ----, 2005 WL 3445530 (11th Cir.(Fla.))
**(Cite as: 2005 WL 3445530 (11th Cir.(Fla.)))**

in *Moore* to allow fragmentary *de novo* review of suits brought, not to enforce an EEOC decision, but rather seeking *de novo* review of that decision, see *Rice,* 985 F.2d at 145; *Pecker,* 801 F.2d at 711 n. 3; *Girard,* 62 F.3d at 1247, we do not read *Moore* as permitting such fragmentary *de novo* review. In addition, the Fourth and Ninth Circuits' approach is contrary to the plain language of Title VII, 42 U.S.C. § 2000e- 16(c), which provides for *de novo* review of EEOC decisions. See *Morris,* 420 F.3d at 294; *Scott,* 409 F.3d at 472; *Timmons,* 314 F.3d at 1234.

[4] Here, Ellis brought suit under the substantive provisions of the Rehabilitation Act and demanding a trial by jury sought relief under the provisions of 42 U.S.C. § 2000e-16(c). Moreover, Ellis did not seek to enforce the EEOC decision on compensatory damages, but rather sought *de novo* review of the Navy's decision denying his compensatory damages claim. As in *Dereyna,* here the EEOC did not award Ellis compensatory damages, but only ordered the Navy to *consider* his compensatory damages claims. See *Dereyna,* 104 Fed.Appx. 152. As such, under the better approach adopted by the Third, Tenth, and D.C. Circuits, we reject Ellis's argument that he is entitled to a *de novo* review (by a jury) limited to the question of damages.

II.
**\*4** [5][6][7][8] We review *de novo* the district court's grant of a motion for summary judgment, considering all of the evidence and the inferences it may yield in the light most favorable to the nonmoving party. *Turnes v. AmSouth Bank, N.A.,* 36 F.3d 1057, 1060 (11th Cir.1994). "Summary judgment is appropriate where the evidence shows 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Comer v. City of Palm Bay, Fla.,* 265 F.3d 1186, 1192 (11th Cir.2001) (quoting Fed.R.Civ.P. 56(c)). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant. For factual issues to be considered genuine, they must have a real basis in the record." *Mize v. Jefferson City Bd. Of Educ.,* 93 F.3d 739, 742 (11th Cir.1996) (citations omitted). For instance, mere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion. *Bald Mountain Park, Ltd. v. Oliver,* 863 F.2d 1560, 1563 (11th Cir.1989). Moreover, statements in affidavits that are based, in part, upon information and belief, cannot raise genuine issues of fact, and thus also cannot defeat a motion for summary judgment. *Pace v. Capobianco,* 283 F.3d 1275, 1278-79 (11th Cir.2002); *see also* Fed.R.Civ.P. 56(e).

The Rehabilitation Act prohibits federal agencies from discriminating in employment against individuals with disabilities. *Mullins v. Crowell,* 228 F.3d 1305, 1313 (11th Cir.2000) (citation omitted); *see also* 29 U.S.C. § 794(a); 42 U.S.C. § 1981a(a)(2). The standard for determining liability under the Rehabilitation Act is the same as that under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq.* ("ADA"); thus, cases

2005 WL 3445530                                                                                                         Page 7
--- F.3d ----, 2005 WL 3445530 (11th Cir.(Fla.))
**(Cite as: 2005 WL 3445530 (11th Cir.(Fla.)))**

involving the ADA are precedent for those involving the Rehabilitation Act. *Cash v. Smith,* 231 F.3d 1301, 1305 (11th Cir.2000); *see also* 29 U.S.C. § 794(d).

[9][10] "To establish a *prima facie* case of discrimination under the [Rehabilitation] Act, an individual must show that (1) he has a disability; (2) he is otherwise qualified for the position; and (3) he was subjected to unlawful discrimination as the result of his disability." *Sutton v. Lader,* 185 F.3d 1203, 1207-08 (11th Cir.1999). The first two elements are not at issue in this case. To establish the third element, an individual must show that he has suffered an adverse employment action because of his disability. *Doe v. Dekalb County Sch. Dist.,* 145 F.3d 1441, 1445 (11th Cir.1998) (ADA case).

[11] It is not enough for a plaintiff to demonstrate that an adverse employment action was based partly on his disability. *See McNely v. Ocala Star-Banner Corp.,* 99 F.3d 1068, 1074 (11th Cir.1996). Rather, under the Rehabilitation Act, a plaintiff must prove that he suffered an adverse employment action "solely by reason of" his handicap. 29 U.S.C. § 794(a).

[12] Here, Ellis contends that the Navy refused to offer him a position through the PPP because of his disability. In particular, he says that the PPP Coordinator, Sandra Vasko, failed to submit disabled employees' resumes to prospective employers, and that, as a result, he did not receive two electronics technician positions for which he was qualified. In response, the Navy presented evidence that Ellis was not even registered for one of the electronics technician positions and that the other position was filled with an individual who listed the same disability code as his. Ellis answered with affidavits from Frank Cherry, the Handicapped Program Coordinator, and himself. In his affidavit, however, Cherry, conceding that he could not remember any specific positions not offered to Ellis, only provided a conclusory, unsupported statement that the Navy non-selected an otherwise qualified Ellis for some positions. Further, in his own affidavit, Ellis stated that "upon information and belief," he was non-selected for the two electronics technician positions mentioned above because of his disability. He offered nothing to refute the Navy's evidence.

*5 Ellis also contended that the Navy offered non-disabled employees better positions than it offered him and refused to place him within his preferred geographical area, even though the Navy considered non-disabled employees for such positions. Again, however, Ellis offered no evidence, other than his own conclusory statements, and failed to identify what those positions were, where this occurred, or how he knew this.

As mentioned above, mere conclusions and unsupported factual allegations, as well as affidavits based, in part, upon information and belief, rather than personal knowledge, are insufficient to withstand a motion for summary judgment. *Bald Mountain Park,* 863 F.2d at 1563; *Pace,* 283 F.3d at 1278-79.

Case 3:04-cv-00285-RRB   Document 24-2   Filed 01/03/2006   Page 8 of 9

2005 WL 3445530                                                                                                         Page 8
--- F.3d ----, 2005 WL 3445530 (11th Cir.(Fla.))
**(Cite as: 2005 WL 3445530 (11th Cir.(Fla.)))**

Ellis relies entirely on unsupported, conclusory statements not based on personal knowledge. In doing so, he has failed to present any evidence to dispute the Navy's proof that he was not registered for one of the electronic technician positions or that the other position was filled by an individual who listed the same disability code as his. As such, he has failed to demonstrate that a genuine issue of material fact exists as to whether he suffered an adverse employment action "solely by reason of" his disability. *See* 29 U.S.C. § 794(a).

[13][14] Further, although Ellis suggests that the Navy admitted discriminating against him on the basis of his disability, the record does not support this suggestion. Rather, the Navy repeatedly denied liability in the district court. Ellis is also incorrect in his suggestion that the Navy admitted discrimination by not replying to his statement of undisputed material facts. The local rules for the United States District Court in the Northern District of Florida only deem admitted those facts filed by the *moving* party which are not controverted by the *opposing* party, and not vice versa. U.S. Dist. Ct. Rules N.D. Fla., § 56.1(A). Thus, the Navy, as the moving party, had no obligation to reply to Ellis's responsive statement of material facts. *See id.* Also, the Navy's decision not to appeal the EEOC decision that discrimination occurred, or its failure to raise the issue of adverse employment action before the EEOC, does not amount to an admission of liability, as the EEOC decision had no binding effect on the district court's proceedings. *See* *Morris,* 420 F.3d at 294.

[15] Ellis also contends, incorrectly, that the Navy had the initial burden of proving by clear and convincing evidence that, even absent the discrimination, the Navy would not have selected him for the positions he desired. Ellis pulls this language from the EEOC's decision. However, because Ellis, as the plaintiff in this case, had the initial burden of establishing a *prima facie* case, his argument necessarily fails. *See* Sutton, 185 F.3d at 1207-08.

*6 AFFIRMED.

> FN1. Apparently, in 1993, a reduction in force ("RIF") led to the closure of the Naval Aviation Depot in Pensacola, Florida ("NADEP"), which forced its employees, including Ellis, to seek new jobs within the Department of Defense ("DoD"). The PPP was an automated program used to register and match well-qualified displaced employees with vacant positions elsewhere in the DoD.

> FN2. As mentioned above, the EEOC decision relied on by Ellis also addressed the plaintiffs in *Dereyna.* However, Ellis brought this suit separate from any other action, and we have not previously considered his arguments and claims as they relate to him. Thus, *Dereyna,* an unpublished opinion, is not controlling in this case.

--- F.3d ----, 2005 WL 3445530 (11th Cir.(Fla.))

2005 WL 3445530                                                                                                          Page 9
--- F.3d ----, 2005 WL 3445530 (11th Cir.(Fla.))
**(Cite as: 2005 WL 3445530 (11th Cir.(Fla.)))**

END OF DOCUMENT